UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES F. MCMANUS, :
:
    Petitioner : CIVIL ACTION NO. 3:CV-08-2028
:
v. : (Judge Nealon)
:
DAVID KUSCHEWAY, et al., :
:
    Respondents :

## MEMORANDUM AND ORDER

Petitioner, Charles F. McManus, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his continued commitment under the Mental Health Procedures Act (50 P.S. § 7101 et seq.). For the reasons that follow, the petition will be dismissed.

## Background

On October 17, 2000, in Bradford County Court of Common Pleas, Petitioner was charged in a thirty-three (33) count Information with four (4) counts of Attempted Homicide, sixteen (16) counts of Aggravated Assault, five (5) counts of Arson, two (2) counts of Possession of Instruments of Crime, five (5) counts of

1

Recklessly Endangering Another Person, and one (1) count of Criminal Mischief.[1] (Doc. 16, Information). On October 19, 2000, Petitioner appeared for arraignment, without counsel, and entered a plea of not guilty. (Doc. 16, Commonwealth of Pa. v. McManus, CP-08-CR-0000567-2000, Criminal Docket Sheet).

On November 15, 2000, Petitioner's counsel filed a notice of an Insanity Defense. Id.

On January 26, 2001, the Court directed that McManus submit to a psychological evaluation. Id.

On April 25, 2001, following Petitioner's psychiatric evaluations, the Commonwealth filed a petition to declare Petitioner incompetent to stand trial. Id.

By Order dated July 19, 2001, the Court of Common Pleas for Bradford County declared Petitioner incompetent to stand trial and stayed any further criminal proceedings. Id.

Following additional evaluations, a competency and criminal responsibility

---

[1] Petitioner also had charges of Driving Under the Influence of Controlled Substance, Driving at Safe Speed, Disregard Traffic Lane (Single) and Disorderly Conduct pending at the time the Information was filed. (Doc. 16, Commonwealth of Pa. v. McManus, CP-08-CR-0000129-2000, Criminal Docket Sheet). However, as a result of the filing of the charges contained in the Information, ARD was revoked. Id.

hearing was held on April 15, 2003 and, by Order dated April 21, 2003, Petitioner was found not guilty of the charges by reason of his lack of criminal responsibility. Id. Petitioner was then committed to a state mental institution for 365 days, pursuant to the Mental Health Procedures Act.[2] Id. No appeal of the Court's determination was filed.

Since his initial commitment, Petitioner has been subject to review of additional periods of commitment annually under 50 P.S. § 7305.

On January 18, 2007, the Bradford Court of County Pleas accepted the recommendation that Petitioner remain in involuntary treatment and ordered Petitioner committed for a period not to exceed one year. (Doc. 16, In Re Charles McManus, Case No. 04MH000009, Docket Sheet).[3]

On November 10, 2008, Petitioner filed the instant petition for writ of habeas

---

[2]Pursuant to 50 P.S. §7304(g)(2)(ii):
(g) Duration of Court-ordered Involuntary Treatment.

2) A person may be subject to court-ordered involuntary treatment for a period not to exceed one year if:

...(ii) a finding of incompetency to be tried or a verdict of acquittal because of lack of criminal responsibility has been entered.

[3]Petitioner's most recent commitment hearing was held on February 17, 2009. Id. Petitioner was recommitted for an additional one year and was transferred from Warren State Hospital to a less secure unit at the Clarks Summit State Hospital. Id.

3

corpus in which he raises the following issues for review:

| | |
|---|---|
| <u>Ground one</u>: | Petitioner was "adjudicated incompetent and sentenced N.G.R.I. against [his] wishes. |
| <u>Ground two</u>: | Ineffective Assistance of Counsel |
| <u>Ground three</u>: | Unable to cross examine all witnesses at last recommitment hearing. |
| <u>Ground four</u>: | Judge recused himself and several years later came back on case, passed judgment and recommitted [petitioner]. |

(Doc. 1, petition at p. 9).

In accordance with <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999) and <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Miller that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 4). McManus returned the notice of election form, indicating that he wished to proceed on the petition as filed. (Doc. 5). By Order dated December 23, 2008, the Court issued a Show Cause Order, directing Respondents

to respond to the petition as filed. (Doc. 6). A response to the petition and supporting exhibits were filed on February 26, 2009. (Docs. 15, 16). No traverse has been filed. Thus, the petition for writ of habeas corpus is ripe for disposition.

**Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. <u>The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review</u> ...
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); <u>see generally</u>, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when <u>direct</u> review processes are concluded. See <u>Harris v. Hutchinson</u>, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of <u>direct review</u> of a judgment

5

of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are <u>pending</u> in any state court.")(emphasis in original); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998)(<u>per curiam</u>); <u>Hoggro v. Boone</u>, 150 F.3d 1223, 1226 (10th Cir. 1998). It is <u>not</u> the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. <u>Bunnell v. Yukins</u>, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb. 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. As a result, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. <u>Lovasz v. Vaughn</u>, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is

sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

On April 21, 2003, McManus was found not guilty by reason of his lack of criminal responsibility. No direct appeal or collateral attack of this judgment has ever been filed. Therefore, the judgment became final on May 21, 2003, the day the time period for filing a direct appeal with the Superior Court expired.[4] Thus, the limitations period for filing a 2254 petition commenced on May 21, 2003, allowing Petitioner until May 21, 2004, to file his federal petition, absent statutory or equitable tolling[5] of the period. However, McManus did not commence the

---

[4] In Pennsylvania, a criminal defendant has thirty days from the date of his sentence to file a direct appeal with the superior court. See Pa.R.Crim.P. 720(a)(3).

[5] The limitations period is tolled for the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, because McManus did not petition for any type of collateral review of his conviction,

7

instant proceeding until November 10, 2008, more than four years after the expiration of the statue of limitations. Consequently, the petition for habeas corpus relief under § 2254 appears to be barred by the statute of limitations.

However, the AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and a habeas petition should not be dismissed as untimely filed if there exists an equitable basis for tolling the limitations period. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted). There is, however, absolutely no evidence of record to account for the delay in filing the instant petition for writ of habeas corpus. As such, equitable tolling is inapplicable in this matter.

Moreover, the Court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court

---

equitable tolling is not applicable.

only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be in custody under the very order he is attacking when the petition is filed, in order for this Court to have jurisdiction. Spencer v. Kemna, 523 U.S. 1, 7 (1998); Maleng v. Cook, 490 U.S. 488, 490-92 (1989) (per curiam). Indeed, no court has held that a habeas petitioner is in custody when a sentence imposed by the order he is challenging had fully expired at the time the petition was filed. The United States Supreme Court held in Maleng, 490 U.S. at 492, "that, once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." See also Spencer, 523 U.S. at 7, compare DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (relying, inter alia, on Garlotte v. Fordice, 515 U.S. 39, 41 (1995), for the observation that an inmate is still "in custody" under the already served sentence, if: (a) these sentence were in a string of the inmate's consecutive prison terms, and (b) the challenges are limited to the issue of the inmate's parole eligibility, since the date of parole eligibility is calculated on a cumulative basis, unlike the fact of civil commitment which results

9

from-and accrues at-a decision reached after a de novo hearing unrelated to the existence, or the lack, of civil commitment(s) imposed prior).

Since it is evident that the court's original commitment Order, dated April 21, 2003, challenged by Petitioner in Grounds 1 and 3, and the court's January 18, 2007 Order, challenged in Grounds 2 and 4, have expired long before he filed the instant petition, Petitioner fails to meet the "in custody" requirement on his challenge to those commitment orders. See e.g. Jackson v. Cal. Dep't of Mental Health, 399 F.3d 1069 (9th Cir.2005) (a civilly committed sexual predator is not "in custody" pursuant to the order he challenges if, at the time of his habeas filing, he was in custody pursuant to a superceding order of civil commitment).

Finally, habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

There is no indication in the record that Petitioner exhausted any state court remedies prior to proceeding in federal court. Petitioner offers nothing to refute

10

this. Thus, the petition for writ of habeas corpus will be dismissed. An appropriate order is attached.


Dated: May 26, 2009                                  /s/  William J. Nealon
                                                     **United States District Judge**

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES F. MCMANUS, | : | |
| | : | |
| Petitioner | : | CIVIL ACTION NO. 3:CV-08-2028 |
| | : | |
| v. | : | (Judge Nealon) |
| | : | |
| DAVID KUSCHEWAY, et al., | : | |
| | : | |
| Respondents | : | |

**ORDER**

**AND NOW, THIS** 26th **DAY OF MAY, 2009**, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DISMISSED**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealabilty. See 28 U.S.C. § 2253(c).

                                                                         _____
                                                                         **United States District Judge**